**SANDERS v. FRANKLIN et al.** (No. 6991.)

(Court of Civil Appeals of Texas. Austin. June 23, 1926. Rehearing Denied Oct. 4, 1926.)

1. **Trover and conversion** ⬳11—**Person taking and selling cotton belonging to another held liable for conversion.**

Where defendants took bale of cotton of assignor of plaintiff from his yard, knowing it was not theirs, and sold it to another, which plaintiff permitted on assurance of defendants that they had purchased it from assignor, and plaintiff demanding its return on discovery of mistake, *held*, that defendants had converted assignor's cotton, and that instructed verdict for assignee was required.

2. **Bailment** ⬳14(1)—**Weigher held not liable for loss of bale of cotton as bailee for hire.**

Evidence that cotton was left in yard of weigher by farmers and cotton buyers generally, for which no charge was made, and that they removed same at will, without notice to weigher, and that nothing was paid to him by owners, either for weighing or for storing their bale of cotton, which was lost, *held* not to fix any liability or negligence on weigher as a bailee for hire.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by J. R. Sanders against C. G. Franklin and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

R. S. Dorsett, of Hutto, for appellant.

C. V. Lansberry, of Round Rock, for appellee Clinger.

BAUGH, J. J. R. Sanders was a public weigher at Round Rock, in Williamson county, Tex., in 1924. In November of that year he weighed for appellees, C. G. Franklin and C. E. Clinger, a bale of lint cotton, which was left by them in his cotton yard. When they returned for the bale, about December 1, 1924, it could not be found. Thinking that such bale had been shipped out by mistake, and finding in the yard a bale belonging to Carl Stark, which A. L. Voigt, a cotton buyer, told Sanders he had purchased from Stark, but had failed to ship out, Sanders, at the request of Voigt, permitted appellees to take the bale belonging to Stark. Stark later came to Sanders and demanded his bale of cotton. Sanders then made like demand of appellees, but they refused to return it, replace it, or to pay for it. Sanders then paid Stark for said bale, took an assignment from him of his claim and sued appellees for the value of the cotton. These facts are undisputed.

The case was first tried to a jury in the justice court, and judgment rendered for appellant. On appeal to the county court, another jury trial was had, and the jury found against appellant. Judgment was rendered that he take nothing. On this appeal he complains of failure of the trial court to instruct a verdict in his favor.

[1] We think appellant was entitled, under the pleadings and the undisputed testimony, to an instructed verdict. Appellees introduced no evidence. The testimony that they took Stark's bale of cotton from the yard, knowing that it was not theirs, and sold it to a Luther Ross at 23½ cents per pound, is not controverted. Sanders permitted the cotton to be taken on the assurance of Voigt that he had purchased it from Stark, but when Sanders discovered that this was not true he demanded its return. Clearly there was a conversion by appellees, at the instance of Voigt, of Stark's cotton, for which Stark could have recovered. Sanders, as assignee, obtained whatever cause of action Stark had against appellees.

[2] Appellees pleaded as a defense that they left their bale of cotton with appellant, that they paid him for storage on same, that he thereby became a bailee for hire, that if their bale of cotton was lost it was through his negligence, and that it would therefore be inequitable to permit appellant to take advantage of his own wrong and recover against them. There was, however, no cross-action filed by appellees against appellant for loss of their cotton. Whether appellees could have filed such a cross-action in this suit is not raised. Nor was there any proof of negligence on the part of Sanders for the loss of appellees' bale of cotton. The only testimony on the question of storage with appellant of appellees' bale was that cotton was left in the yard by farmers and cotton buyers generally, for which no charge was made, that they removed same at will without notice to appellant, and that nothing was paid to appellant by appellee, either for weighing or for storing their bale which was lost. Such proof wholly failed to fix any liability or negligence on appellant.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment of the trial court is therefore reversed, and judgment here rendered in favor of appellant against appellees for $127.88, with interest thereon from March 30, 1925, at the rate of 6 per cent. per annum.

Reversed and rendered.